KILPATRICK TOWNSEND &
STOCKTON LLP
Lisa Pearson (LP 4916)
Robert Potter (RP 5757)
Olivia Harris (OH 1983)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800



*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

PHILOSOPHY, INC.,

      Plaintiff,

 v.

BAYLIS & HARDING PLC and THE BON-TON
STORES, INC.,

      Defendants.

**COMPLAINT**

  Plaintiff philosophy, Inc., by and through undersigned counsel, for its complaint, alleges as follows:

## SUBSTANCE OF THE ACTION

  1. Plaintiff philosophy, Inc. ("Plaintiff" or "philosophy") owns the highly successful, and well-recognized PHILOSOPHY brand of skincare and cosmetic products. Among philosophy's best-selling products are its bath products, including its 3-in-1 shower gel, shampoo and bubble bath (the "philosophy Bath Products"). Philosophy has for many years marketed and sold a group of philosophy Bath Products bearing whimsical product names incorporating the names of tempting foods in the trade dress depicted below (the "philosophy Bath Product Trade Dress"):

1

  

  

2. Defendant Baylis & Harding Plc ("B&H") manufactures, distributes, and sells a copycat line of bath products, including shower gels and body lotions employing confusingly similar product names and trade dress as depicted below (the "Infringing Products"):

  

2



3.   Defendant The Bon-Ton Stores, Inc. ("Bon-Ton") has sold and distributed the Infringing Products in the United States.

4.   Defendants' sale of these Infringing Products is a deliberate effort to pass off their products as philosophy products and to take a free ride on philosophy's reputation and goodwill.

5.   Accordingly, Plaintiff brings this action for trade dress infringement, unfair competition, and false designation of origin under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a); dilution under New York, N.Y. GBL § 360-l; unfair and deceptive trade practices under New York, N.Y. GBL § 349; and unfair competition under common law.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the Lanham Act"), 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367, and under principles of pendent jurisdiction.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

7. This Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. § 302 because Defendants transact business in the State of New York, the infringing products at issue were sold within the State of New York, and Defendant Bon-Ton owns, uses and/or possesses real property within the State of New York.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and (c)(3).

## PARTIES

9. Plaintiff philosophy is a corporation organized and existing under the laws of Arizona, with a principal place of business at 3809 East Watkins Street, Phoenix, Arizona 85034.

10. Upon information and belief, Defendant B&H is a registered public company organized and existing under the laws of the United Kingdom, with a principal place of business at Nash Road, Park Farm, Redditch, Worcestershire, B98 7AS, United Kingdom. B&H has sold Infringing Products to retailers and/or other distributors with locations throughout the United States, including those that have sold Infringing Products in this judicial district. B&H also offers Infringing Products for sale through third-party websites accessible to consumers in this judicial district, including Herbergers.com, Amazon.com, and Groupon.com. Defendant B&H has sold the Infringing Products in this district through Herbergers.com, and has also sold other products through Groupon.com.

11. Upon information and belief, Defendant Bon-Ton is a public corporation organized and existing under the laws of Pennsylvania, with a principal place of business at 2801 East Market Street, York, Pennsylvania 17402. Defendant Bon-Ton has multiple stores throughout the State of New York and is selling and/or has sold Infringing Products in this district through its e-commerce website Herbergers.com, that, upon information and belief, offers and ships products to all 50 states (including New York).

## **FACTS SUPPORTING PLAINTIFF'S REQUESTED RELIEF**

### PLAINTIFF'S BEAUTY AND SKINCARE PRODUCTS

12.     philosophy was founded in 1996 by Cristina Carlino, a cosmetic-industry visionary with over thirty years' experience in clinical skin care and beauty.  She wanted the philosophy brand to epitomize a fresh, approachable attitude toward beauty and to that end developed a high-quality collection of skincare products that were both efficacious and inspirational.  As stated on its popular website philsophy.com, "philosophy promises to bring you remarkable products that inspire you to live a better life by being better to yourself.  We believe in inspiring beauty on the surface and within the soul." *See* http://www.philosophy.com/about-us-our-promise/our-promise,en_US,pg.html.

13.     Over the years, philosophy has grown into a leading brand of beauty and skincare products, focusing on a unique combination of brand approachability and product performance.  Its brand message resonates with consumers.  In 2012, philosophy was acquired by Coty Inc. and began its global expansion.

14.     As one of the beauty industry's most prestigious brands, philosophy has gained tremendous goodwill and a loyal following.  It has consistently earned top industry awards, including Sephora/Allure Best of Beauty Awards, SHAPE Beauty Awards, the Cosmetic Executive Women (CEW) Insiders' Choice Awards, and QVC Customer Choice Awards.  The philosophy Bath Products have also been specifically recognized, including "Best Body Wash" by Women's Health and New Beauty Magazines, "Best Body Cleanser" by QVC Customer Choice Beauty Awards, "Best Shower Gel" by Pagedaily Awards, and "Best Body Cleanser" and "Best Body Wash" by Sephora.

15.     Plaintiff packages its broad array of beauty and skincare products in distinctive packaging trade dress, which has a consistent, readily recognizable overall look and feel. From the outset, philosophy has chosen simple packaging to embody the pureness and honesty of its brand. It uses text as a primary graphic treatment, with uplifting messages and clever product names to make consumers smile or inspire reflection. One of the hallmarks of the philosophy graphic treatment is its use of the same old style serif typeface ("Janson") font presented in lower case writing with no capitals, with different terms in the product name emphasized by the size and boldness of the type. Another hallmark is its presentation of the philosophy house mark followed by a colon and inspirational or entertaining textual material. The overall look and feel of philosophy's trade dress is exemplified by the packaging trade dress depicted below, for which philosophy has obtained U.S. Trademark Reg. No. 3,862,603:



16.     Plaintiff has distributed its philosophy products in interstate commerce throughout the U.S., including in this judicial district, since 1996. As a result of its extensive sales and advertising efforts, including over $57 million spent in global advertising thus far in fiscal year 2014, philosophy now enjoys a tremendously strong market position in skin and body care in the U.S., and utilizes multiple distribution channels including direct television sales and e-commerce. philosophy has quickly become one of Coty's top ten brands, and generates hundreds

6

of millions of dollars in annual revenue worldwide, with roughly $200 million in the U.S. in fiscal year 2014.

17.     While the overall look and feel of philosophy's trade dress is consistent across all of its products, philosophy has differentiated the various product lines it offers with their own additional branding indicia, including, *inter alia,* product marks, naming conventions and additional trade dress elements.  This is true for philosophy's award-winning 3-in-1 shampoo, shower gel and bubble bath products depicted in paragraph 1 above, which come in various food-scented and -colored "flavors."  philosophy promotes these popular philosophy Bath Products as offering "a head-to-toe cleansing experience that lets you treat yourself without the calories." The philosophy Bath Products were introduced as early as 1997, and have always borne the same trade dress.

18.     As shown in the photographs included in Paragraph 1 above, the trade dress for philosophy's Bath Products at issue in this case is comprised of a combination of elements, including: (i) all lowercase lettering on the primary display panel of each product; (ii) in philosophy's distinctive, recognizable font; (iii) a prominent product name featuring a food or flavor, which is unique and arbitrary for a bath product that is not intended to be tasted or eaten; (iv) the placement and arrangement of a smaller block of text centered below the product name; (v) the bolded brand name followed by a colon and the block of text; (vi) a cylindrical transparent plastic bottle with a rounded shoulder displaying the bright color of the product;  and (viii) a cylindrical black cap.

19.     Plaintiff sells its philosophy Bath Products at thousands of retail locations in the U.S. alone, including Sephora, Nordstrom and Macy's, as well as on the Internet, and has spent tens of millions of dollars advertising, marketing, and promoting the philosophy Bath Products,

the trademarks thereon, and the philosophy Bath Product Trade Dress to the consuming public, reaching billions of people annually in the U.S. As a result, the philosophy Bath Products are among the top-selling lines of body products in the U.S. By virtue of Plaintiff's exclusive and extensive use of the philosophy Bath Product Trade Dress for its high-quality bath products, the philosophy Bath Product Trade have acquired enormous value and are well-recognized as source identifiers of philosophy Bath Products.

20.     In addition to the common-law rights philosophy has developed through use of its trademarks and Bath Product Trade Dress, philosophy owns various U.S. trademark registrations and applications for its trademarks and distinctive packaging, including, *inter alia*, Reg. No. 2,016,208 for PHILOSOPHY; Reg. No. 3,032,354 for CRUMB BERRY PIE; Reg. No. 3,155,080 for VANILLA BIRTHDAY CAKE; Reg. No. 2,956,114 for MELON DAIQUIRI; Reg. No. 3,636,480 for APRICOTS AND CREAM; Reg. No. 3,336,759 for FRESH CREAM; Reg. No. 2,953,905 for PINA COLADA; Reg. No. 3713125 for PINK FROSTED LAYER CAKE; Reg. No. 4,208,058 for PINK FROSTED ANIMAL CRACKER; and Reg. No. 3,862,603 for words and packaging design.

21.     The philosophy Bath Product Trade Dress is inherently distinctive due to the arbitrary and fanciful arrangement and combination of its various elements. The philosophy Bath Product Trade Dress is not functional. Consumers who encounter products with philosophy's Bath Product Trade Dress immediately associate these products with philosophy.

## DEFENDANTS' SALE OF INFRINGING PRODUCTS

22.     In a deliberate effort to trade on philosophy's goodwill and the overwhelming success of philosophy's Bath Products, Defendants are selling blatant knockoffs of philosophy's Bath Products. The Infringing Products include, without limitation, body wash, shower creme,

and body lotion with the following product names: (1) "Raspberry Ripple"; (2) "Strawberry Sundae"; (3) "Sweet Gingerbread"; (4) "Decadent Milk Chocolate"; (5) "Cherry Candy Cane"; (6) "Cherry Cupcake"; (7) "White Chocolate"; (8) "Strawberry and Vanilla Cream Truffle"; and (9) "Limoncello Soda Cream."

23. Defendants are free-riding on Plaintiff's investment, reputation and goodwill by offering for sale knockoffs of philosophy's Bath Products and infringing the philosophy Bath Product Trade Dress. Upon information and belief, Defendants are intentionally targeting Plaintiff's customers and prospective customers by offering lower-priced substitutes that allegedly share the same material characteristics as Plaintiff's philosophy Products.

24. Defendants are intentionally capitalizing on the success and commercial magnetism of the philosophy Bath Product Trade Dress in a manner likely to confuse and deceive the public. As shown in the photographs reproduced in Paragraph 1 above, the trade dress of the Infringing Products is confusingly similar to the philosophy Bath Product Trade Dress. Defendants' product packaging employs the following elements that are identical or confusingly similar to the philosophy bath Product Trade Dress: (i) all lowercase lettering on the primary display panel of each product; (ii) a distinct and easily recognizable font highly similar to the font used by philosophy; (iii) a prominent product name featuring a food or flavor, which is unique and arbitrary for a bath product that is not intended to be tasted or eaten; (iv) the placement and arrangement of a smaller block of text centered below the product name; (v) the bolded brand name followed by a colon and the block of text; (vi) a cylindrical transparent plastic bottle with a rounded shoulder displaying the bright color of the product, and (vii) a cylindrical black cap, which together with the package shape, size, texture, and color scheme, in combination, evokes an overall impression and theme of simplicity and purity.

25. The likelihood of confusion between the philosophy Bath Products and the Infringing Products is only exacerbated by Defendants B&H's use of flavor names that are exceedingly similar to those used on the philosophy Bath Products. For example, where philosophy uses the flavor name STRAWBERRY MILKSHAKE (for which it owns a registered trademark), Defendant B&H uses the flavor STRAWBERRY SUNDAE. Similarly, while philosophy uses the flavor names RASPBERRY SORBET and RASPBERRY GLAZED, B&H uses RASPBERRY RIPPLE; where philosophy uses the flavor names SPICED GINGERBREAD COOKIE and GINGERBREAD MAN, Defendant B&H uses the flavor name SWEET GINGERBREAD. The use of such similar flavor names heightens the likelihood that consumers will be confused and misled as to the source of the Infringing Products.

26. The Infringing Products are likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that these unlicensed and unauthorized products are either offered or authorized by Plaintiff, when in fact they are not. Consumers perceiving a defect, lack of quality, or any other irregularity in the Infringing Products may well ascribe these deficiencies to Plaintiff, irreparably tarnishing Plaintiff's reputation.

27. Plaintiff has reviewed online postings evidencing actual confusion as to whether philosophy's Bath Product and the Infringing Products come from the same source, suggesting that even more unreported confusion exists in the marketplace.

28. The Infringing Products are not equivalent to Plaintiff's philosophy Bath Products, and in fact differ in a number of material respects, including scent, formulation, texture, and consistency. Philosophy has no control over the quality of the Infringing Products.

29. On January 7, 2014, Plaintiff wrote to Defendants requesting that B&H and Bon-Ton cease sales of the Infringing Products.

30. By letter dated February 14, 2014, Defendant B&H replied, stating that it would not agree to that request. In the ensuing correspondence between the parties, B&H maintained its position and declined to cease manufacturing, sales, and distribution of the Infringing Products.

31. By letter dated February 20, 2014, Defendant Bon-Ton responded to Plaintiff's January 7 letter. Bon-Ton indicated that it was phasing out the product and had no intention of ordering more. Bon-Ton subsequently declined to cease sales or to provide the sales information requested in the January 7 letter.

32. Defendants' conduct is intentionally fraudulent, malicious, willful and wanton. Such conduct creates immediate and irreparable harm to philosophy's reputation and good will.

### FIRST CLAIM FOR RELIEF
### AGAINST BOTH DEFENDANTS
### FOR TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(a))

33. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above, and incorporates them herein by reference.

34. The philosophy Bath Product Trade Dress is strongly identified and associated in consumers' minds with philosophy and its products.

35. The philosophy Bath Product Trade Dress is inherently distinctive in that it is arbitrary and fanciful, and is non-functional. Moreover, it has acquired distinctiveness and has achieved secondary meaning as a source identifier for philosophy's Bath Products through Plaintiff's extensive use.

36. Plaintiff owns all rights in the philosophy Bath Product Trade Dress and has never authorized Defendants to use the philosophy Bath Product Trade Dress.

37. Defendants' use of trade dress that is identical and/or confusingly similar to Plaintiff's philosophy Bath Product Trade Dress in connection with Defendants' Infringing Products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' Infringing Products by Plaintiff.

38. By deliberately infringing the philosophy Bath Product Trade Dress, Defendants seek to capitalize unlawfully on the reputation and goodwill that Plaintiff, at great expense, has carefully crafted with the consuming public. Plaintiff offers high-quality bath and body products supported by extensive global advertising. By offering bath and body products that suggest to consumers they are the same as or equivalent to the philosophy Bath Products, Defendants compete unfairly in a manner prohibited by law.

39. Defendants are infringing the philosophy Bath Product Trade Dress with full knowledge of philosophy's prior rights and philosophy's objections to this unlawful use. Defendants' acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's philosophy Bath Product Trade Dress.

40. Defendants' conduct in connection with its Infringing Products constitutes trade dress infringement, unfair competition, and false designation of origin, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. The aforesaid conduct of Defendants is causing irreparable injury to Plaintiff and to its goodwill and reputation, and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## AGAINST BOTH DEFENDANTS
## FOR TRADE DRESS DILUTION UNDER NEW YORK LAW
## (N.Y. GEN. BUS. LAW § 360-l)

42. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 41 above, and incorporates them herein by reference.

43. Plaintiff's philosophy Bath Product Trade Dress is distinctive and well-known throughout the U.S. By reason of Plaintiff's extensive advertising and use, the philosophy Bath Product Trade Dress has become a distinctive source identifier of Plaintiff's Bath Products, and Plaintiff's philosophy Bath Product Trade Dress is associated exclusively with Plaintiff, including by consumers in the State of New York.

44. Defendants' unauthorized use of trade dress that is identical and/or confusingly similar to Plaintiff's philosophy Bath Product Trade Dress began after the philosophy Bath Product Trade Dress became well-known and distinctive.

45. Defendants' unauthorized use of trade dress that is identical and/or confusingly similar to Plaintiff's philosophy Bath Product Trade Dress for bath and body products is likely to dilute, does dilute, and will continue to dilute the distinctive quality of Plaintiff's philosophy Bath Product Trade Dress by lessening its capacity to identify and distinguish Plaintiff exclusively as the source of goods bearing that trade dress and is likely to tarnish, does tarnish, and will continue to tarnish Plaintiff's philosophy Bath Product Trade Dress by associating it with products of inferior quality, in violation of N.Y. GEN. BUS. LAW § 360-l.

46. Defendants' intentional and unauthorized use of trade dress that is identical and/or confusingly similar to Plaintiff's philosophy Bath Product Trade Dress for its own commercial business purposes is intended to and has the effect of trading on Plaintiff's reputation and causing dilution of Plaintiff's philosophy Bath Product Trade Dress.

47. The aforesaid conduct of Defendants is causing irreparable injury to Plaintiff and to its goodwill and reputation, and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### AGAINST BOTH DEFENDANTS
### FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER NEW YORK LAW
### (N.Y. GEN. BUS. LAW § 349)

48. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 47 above, and incorporates them herein by reference.

49. By reason of the acts set forth above, Defendants have been and are engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of New York's General Business Law § 349.

50. The public is likely to be damaged as a result of Defendants' deceptive trade practices or acts.

51. The aforesaid conduct of Defendants is causing irreparable injury to Plaintiff and to its goodwill and reputation, and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### AGAINST BOTH DEFENDANTS
### FOR UNFAIR COMPETITION UNDER COMMON LAW

52. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 51 above, and incorporates them herein by reference.

53. Defendants' unauthorized advertising, distribution and sale of Infringing Products constitutes a false designation of origin and a false description or representation that Defendants' Infringing Products are authorized by Plaintiff, and is thereby likely to confuse consumers.

54.     Defendants are using Plaintiff's philosophy Bath Product Trade Dress, and/or confusingly similar variants thereof, with full knowledge that it is associated exclusively with Plaintiff and exclusively designates Plaintiff's philosophy Bath Products. Defendants' acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's philosophy Bath Product Trade Dress.

55.     Defendants' sale and distribution of Infringing Products constitutes unfair competition under common law.

56.     The aforesaid conduct of Defendant is causing irreparable injury to Plaintiff and to its goodwill and reputation, and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment as follows:

1.     That an injunction be issued enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

a)     importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any Infringing Products, and any other products that tend to deceive, mislead, or confuse the public into believing that Defendants' products in any way originate with, are sanctioned by, or are affiliated with Plaintiff;

b)     imitating, copying, or making unauthorized use of Plaintiff's philosophy Bath Product Trade Dress;

c)     importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation,

15

reproduction, counterfeit, copy or colorable imitation of Plaintiff's philosophy Bath Product Trade Dress;

      d)    using Plaintiff's philosophy Bath Product Trade Dress, and/or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Plaintiff or to any goods sold, manufactured, sponsored, approved by or connected with Plaintiff;

      e)    using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by Defendants is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

      f)    engaging in any other activity constituting unfair competition with Plaintiff, or constituting infringement of Plaintiff's philosophy Bath Product Trade Dress;

      g)    taking any action, including through the use of Plaintiff's philosophy Bath Product Trade Dress, and/or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, that dilutes the unique association between Plaintiff and its trade dress, or that tarnishes the reputation or image of Plaintiff;

      h)    offering, advertising, or promoting any product as an imitation, copy, or version of any of Plaintiff's philosophy Bath Products;

      i)    making any false representations or false descriptions of fact concerning or relating to Plaintiff or any of Plaintiff's philosophy Bath Products, or otherwise falsely

comparing any of Defendants' Infringing Products to any of Plaintiff's philosophy Bath Products;

j) disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any physical evidence or documents (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, and/or distribution of any merchandise bearing Plaintiff's philosophy Bath Product Trade Dress, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof;

k) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above;

2. Directing that Defendants make available to Plaintiff for review, inspection and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents and things concerning all transactions relating to the design, manufacture, purchase, or sale of Products or any other products or packaging incorporating a simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's philosophy Bath Product Trade Dress;

3. Directing that Defendants deliver to Plaintiff's counsel for destruction at Defendants' costs all signs, products, packaging, promotional material, advertising material, catalogs and any other item that bears, contains or incorporates Plaintiff's philosophy Bath Product Trade Dress, and/or any simulation, reproduction, counterfeit, copy or colorable imitation thereof;

4. Directing that Defendants recall from all distributors, retailers or other recipients any and all Infringing Products as well as all other products and packaging sold or distributed by Defendants under or in connection with Plaintiff's philosophy Bath Product Trade Dress, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and, upon recall, to deliver such goods up to Plaintiff's counsel for destruction at Defendant's cost;

5. Requiring Defendants to account for and pay over to Plaintiff three times the profits realized by Defendants from their infringement of the philosophy Bath Product Trade Dress and their unfair competition with Plaintiff;

6. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) arising out of Defendants' acts of willful trade dress infringement, false designation of origin, and unfair competition;

7. Awarding Plaintiff its actual damages, trebled pursuant to N.Y. GEN. BUS. LAW §§ 349(h) and 350-E(3), arising out of Defendants' acts of willful and deceptive trade practices;

8. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

9. Awarding Plaintiff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a);

10. Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

11. Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised or promoted by or on behalf of Defendants are authorized by Plaintiff or related in any

way to products sold under Plaintiff's philosophy Bath Product Trade Dress or are the same as, or equivalent or comparable to, Plaintiff's philosophy Bath Products;

12. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above; and

13. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED: December 15, 2014

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ Lisa Pearson

Lisa Pearson (LP 4916)
  lpearson@kilpatricktownsend.com
Robert Potter (RP 5757)
  rpotter@kilpatricktownsend.com
Olivia Harris (OH 1983)
  oharris@kilpatricktownsend.com
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Plaintiff*