Sarah E. O'Connell
NORTON ROSE FULBRIGHT US LLP
666 Fifth Avenue
New York, NY 10103-3198
Telephone: (212) 318 3000
Facsimile: (212) 318 3400
Email: sarah.oconnell@nortonrosefulbright.com

Timothy M. Kenny (application for admission pro hac vice pending)
Shelby Knutson Bruce (application for admission pro hac vice pending)
NORTON ROSE FULBRIGHT US LLP
RBC Plaza
60 South Sixth Street, Suite 3100
Minneapolis, Minnesota 55402
Telephone: (612) 321-2800
Facsimile: (612) 321-2288
Email: tim.kenny@nortonrosefulbright.com
        shelby.bruce@nortonrosefulbright.com

*Attorneys for Defendants and Counterclaimants.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

PHILOSOPHY, INC.,

      *Plaintiff and Counterdefendant,*

      -against-

BAYLIS & HARDING PLC and
THE BON-TON STORES, INC.

      *Defendants and Counterclaimants.*

------------------------------------------------------- X

CIVIL ACTION NO. 14-CV-9892 (WHP)

**BAYLIS & HARDING PLC'S ANSWER AND COUNTERCLAIMS TO COMPLAINT**

Defendant Baylis & Harding PLC. ("B&H" or "Defendant") files this Answer and Counterclaims in response to the *Complaint* (Docket 1) of Plaintiff Philosophy, Inc. ("Philosophy" or "Plaintiff").

## SUBSTANCE OF THE ACTION

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies the same.

2.      Defedant denies all of the allegations contained in Paragraph 2. Defendant further denies that it sells single bottles of its Beauticology™ product as depicted in Paragraph 2 in the Complaint and alleges that Defendant only sells its clearly-trademarked Beauticology™ products, with Baylis & Harding's name appearing on the packaging.

3.      Defendant admits that it has sold most of its Beauticology™ products to a dealer in the United States, that then sold the products to The Bon-Ton Stores, Inc.(however, Defendant has sold at least some Beauticology™ products directly to The Bon-Ton Stores).  On information and belief, The Bon-Ton Stores sold the Beauticology™ products to consumers in its stores in the U.S.

4.      Defendant denies the allegations contained in Paragraph 4.

5.      Defendant denies that it has engaged in any trade dress infringement, unfair competition, false designation of origin, dilution under New York law, unfair and deceptive trade practices under New York law, or unfair competition under common law, but admits that Paragraph 5 of the Complaint purports to allege an action including claims of trade dress infringement, unfair competition, false designation of origin, dilution under New York law, unfair and deceptive trade practices under New York law, or unfair competition under common law.

## JURISDICTION AND VENUE

6.      Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies that it has transacted business in the State of New York  and denies that its products are infringing.  Defendant is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore denies the same.

8.      Defendant admits the allegations contained in Paragraph 8 of the Complaint.

### PARTIES

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies the same.

10.     Defendant admits that it is a registered public company organized and existing under the laws of the United Kingdom, with a principal place of business at Nash Road, Park Farm, Redditch, Worcestershire, B98 7AS, United Kingdom, but denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     On information and belief, Defendant admits that Bon-Ton is a public corporation organize under the laws of Pennsylvania, with a principal place of business at 2801 Market Street, York, Pennsylvania 17402.  Defendant is without knowledge or information to sufficient to form a belief as to the truth of the allegation that Bon-Ton has multiple stores throughout the State of New York" and therefore denies the same.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies the same.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies the same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore denies the same.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint. Defendant also alleges that Paragraph 15 is erroneous and misleading the Court when it states that the "look and feel" represented by the picture in Paragraph 15 constitutes the subject mark of

U.S. Registration No. 3,862,603.  In fact, as is discussed further below, Plaintiff applied for the mark consisting of the picture in Paragraph 15 of the Complaint and the United States Patent and Trademark Office refused the applied-for mark stating that the mark consisted in part of a common bottle and cap design that was non-distinctive (e.g. a common, ordinary shape) as well as purely functional (e.g. a container and cap for the goods) and, therefore, required that the bottle shape and cap design be disclaimed or removed from the mark by way of providing a mark with dotted lines for those features.  Plaintiff subsequently removed the bottle shape and cap design and submitted an amended drawing showing the bottle and cap outlines in broken lines and the Plaintif should have included this drawing, with the broken lines, in Paragraph 15 to make the allegation truthful about what mark is the subject of U.S. Registration No. 3,862,603.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies the same.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant admits that Plaintiff is claiming that its "trade dress" is what is articulated in Paragraph 18, but Defendant denies: (a) that Plaintiff's "trade dress" is the subject of U.S. Registration No. 3,862,603 (as the "trade dress" claimed in Paragraph 18 of the Complaint is much broader and includes elements specifically rejected and refused by the U.S. Patent and Trademark Office) and (b) denies that Plaintiff's "trade dress" is valid, distinctive, and non-functional and therefore avers that Plaintiff's "trade dress" is invalid and unenforceable.

19.     Defendant denies the allegation that: "By virtue of Plaintiff's exclusive and extensive use of the philosophy Bath Product Trade Dress for its high-quality bath products, the philosophy Bath Product Trade [sic] have acquired enormous value and are well-recognized as source identifers of philosophy Bath Products."  Defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19, and therefore denies the same.

20.     Defendant denies that Philosophy owns any valid and enforceable common-law trademark rights in the "trade dress" that appears to be the subject of this lawsuit. Defendant admits that the USPTO records indicate that Philosophy owns the registrations for the word marks listed in Paragraph 20, however, avers that: (a) U.S. Registration Nos. 2,956,114, 2,953,905, and 4,208,058 are registered on the Supplemental Register (because the PTO found them descriptive and not distinctive and Philosophy agreed to amend the applications to the Supplemental Register); and (b) U.S. Trademark Registration No. 3,862,603 was registered under §2(f) of the Trademark Act (because the PTO found it descriptive and not inherently distinctive and required evidence of acquired distinctiveness). Defendant admits that the USPTO records indicate that Plaintiff is the owner of U.S. Trademark Registration No. 3,862,603, but avers that the subject mark of that registration is not distinctive and functional and thus invalid and uneforceable. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint..

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies the same.

28.     Defendant denies that its Beauticology™ products are Infringing Products. Defendant admits that Plaintiff has no control over Defendant's Beauticology™ products because there is no legal need for Plaintiff to have control over Defendant's Beauticology™ products. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28, and therefore denies the same.

29.     Defendant admits that Defendant received Plaintiff's January 7, 2014 letter, but denies that its Beauticology™ products are "Infringing Products."

30.     Defendant admits that it sent a letter to Plaintiff on February 14, 2014 in response to Plaintiff's January 7, 2014 letter. However, Defendant denies Plaintiff's characterization of the response and the "ensuing correspondence." Defendant avers that Plaintiff's Paragraph 30 of the Complaint contains material and misleading omissions that will be filled in by Defendant's allegations regarding the "ensuing correspondence" contained at Paragraphs 5-24 of Defendant's Facts in support of Affirmative Defenses and Counterclaims below;

31.     Defendant is without information or belief sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies the same.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**AGAINST BOTH DEFENDANTS**
**FOR TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE**
**DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))**

33.     Defendant incorporates by reference its responses to each of the foregoing paragraphs of the Complaint.

34.     Denied.

35.     Denied.

36.     Defendant admits that Plaintiff claims to own rights in the philosophy "Bath Product Trade Dress" but denies that Plaintiff has any such rights. Defendant admits that philosophy did not authorize Defendant to use the Bath Product Trade Dress, but denies that Defendant is using the philosophy Bath Product Trade Dress and denies that Defendant has any legal obligation to ask for philosophy's permission regarding its Beauticology™ products.

37.     Denied

38.     Denied

39.     Denied

40.     Denied

41.     Denied

**SECOND CLAIM FOR RELIEF**
**AGAINST BOTH DEFENDANTS**
**FOR TRADE DRESS DILUTION UNDER NEW YORK LAW (N.Y. GEN. BUS.**
**LAW § 360-1)**

42.     Defendant incorporates by reference its responses to each of the foregoing paragraphs of the Complaint.

43.     Denied

44.     Denied

45.     Denied

46.     Denied

47.     Denied

## THIRD CLAIM FOR RELIEF
## AGAINST BOTH DEFENDANTS
## FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER NEW YORK
## LAW (N.Y. GEN. BUS. LAW § 349)

48.     Defendant incorporates by reference its responses to each of the foregoing paragraphs of the Complaint.

49.     Denied

50.     Denied

51.     Denied

## FOURTH CLAIM FOR RELIEF
## AGAINST BOTH DEFENDANTS
## FOR UNFAIR COMPETITION UNDER COMMON LAW

52.     Defendant incorporates by reference its responses to each of the foregoing paragraphs of the Complaint.

53.     Denied

54.     Denied

55.     Denied

56.     Denied

## RELIEF REQUESTED

In response to the relief requested by Plaintiff in its Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested and respectfully requests that the Court dismiss Plaintiff's claims of trade dress infringement, unfair competition and false designation of origin Under the Lanham Act, trade dress dilution under New York law, unfair and deceptive trade practices under New York law, and unfair competition under common law and deny Plaintiff the relief requested.

## II. DEFENSES AND AFFIRMATIVE DEFENSES

By way of further answer, defenses, and affirmative defenses, Defendant states as follows:

### FACTS

1.     Baylis & Harding ("B&H") is an innovative, successful and well respected company that has been selling beauty and bath products in the United Kingdom for nearly 40 years, in Europe and the Middle East for well over a decade and, more recently, in the United States.

2.     B&H sells its clearly-trademarked Beauticology™ products, with the Baylis & Harding name appearing on the packaging. .

3.     In sharp contrast with Philosophy's allegations regarding the parties' correspondence, B&H responded promptly to Philosophy and sought to engage in reasonable discussion about the issues in dispute, while Philosophy was dilatory and non-responsive.

4.     On January 7, 2014, Philosophy's counsel wrote to B&H asserting that Philosophy claimed trade dress rights in "plastic bottles with black caps, colors evoking the product names, dense copy presented in all lower case letters, and slogans or poetic lines following a bolded word" and asserted that B&H's Beauticology™ products infringed upon Philosophy's rights in that claimed "trade dress". A copy of Philosophy's January 7, 2014 letter is attached hereto as Exhibit A.

5.     In Philosophy's January 7, 2014 letter, Philosophy stated many of Philosophy's products are scented like various food products and are named accordingly. *See* Exhibit A.

6.     In Philosophy's January 7, 2014 letter, there is no mention of U.S. Registration No. 3,862,603.

7.     On February 14, 2014, B&H's counsel responded to Philosophy's January 7 letter indicating that B&H had at all times acted in good faith in connection with the design, manufacture and sale of its products and that B&H clearly and prominently uses its distinctive Beauticology™ mark on its packaging.  A copy of B&H's February 14, 2014 letter is attached hereto as Exhibit B.

8.     In B&H's February 14 letter, B&H pointed out evidence that significantly undercuts Philosophy's ability to meet its burden to prove the validity of its claimed trade dress.

9.     In B&H's February 14 letter, B&H stated that in previous correspondence Philosophy did not allege ownership of a U.S. federal trademark registration for its claimed trade dress, because it does not own such a registration.

10.     In B&H's February 14 letter, B&H asserted that it would be difficult for Philosophy to meet the burden to prove the validity of its claimed trade dress due to the nature of the elements claimed and the various third party uses of similar elements in the marketplace.

11.     Additionally, in B&H's February 14 letter, B&H noted  that Philosophy, Inc. had filed three trademark applications covering four three-dimensional marks for the claimed dress in the United Kingdom Intellectual Property Office including the following applications (which are virtually the same as what it now claims as "trade dress" in the present lawsuit):

a. Application No. UK00002534064 with a description of "The mark consists of a black-capped clear bottle onto which there is printed black Jansen font "philosophy" followed by a recipe.  The mark comprising the product name is applied centrally over the text blox in black text on the front of the bottle.";

b.   Application No. UK00002534067 with a description of "The first mark consists of a black-capped clear bottle onto which is printed, in black Jansen font, "raspberry

sorbet," under which there follows a block of text comprising a recipe. The second mark consists of a black-capped clear bottle through is visible the colour pink applied to the goods with "raspberry sorbet" printed in black Jansen font on the front of the bottle, under which there follows a block of text comprising a recipe."; and

c. Application No. UK00002530462 with a description of the mark as "The mark consists of a black-capped clear bottle (through which is visible the colour white, applied to the goods), onto which there is printed in black font "coconut frosting" and immediately underneath there follows text (in the form of a recipe or poem), filling the text block, which is indicated by the dotted line."

B&H's counsel noted that each of these application was refused because Philosophy's application was opposed and, after evidence and arguments were filed, the United Kingdom Trademark Registrar found that the combined elements of the claimed trade dress contained standard font, were commonly used, the names of the products were used to describe the fragrances of the goods and were therefore devoid of distinctive character. B&H's counsel provided Philosophy's counsel a copy of the UK decision in connection with the February 14 response letter. *See* the attachment to Exhibit B.

12.    The United Kingdom Trademark Registrar also stated that the use of an unspecified element of a mark (such as the recipe or poem referred to in the description of philosophy's United Kingdom trademark applications) does not endow it with distinctive character.

13.    In B&H's February 14 letter, B&H noted that its products had been in the marketplace for over a year and a half at the time of the letter and that B&H's products had been

co-existing with Coty's Philosophy product line for that whole time period, without being aware of any instances of confusion.

14.     In B&H's February 14 letter, B&H concluded by stating that for the enumerated reasons, B&H was unable to agree to Philosophy's terms but that B&H would be interested in hearing Philosophy's response to the points raised in B&H's February 14th letter.

15.     On April 15, 2014, ***over two months*** after B&H's counsel sent the February 14 letter to Philosophy's counsel, Philosophy's counsel wrote to B&H's counsel and claimed that Philosophy's trade dress was broader than what it asserted on January 7, this time asserting that Philosophy's trade dress consisted of a combination of: 1) "all lowercase lettering on the primary display panel of each product, (ii) a distinct and easily recognizable font, (iii), a prominent product name featuring a unique and arbitrary food or flavor for a shampoo, shower gel,& bubble bath product that is not intended to be tasted or eaten, (iv) the placement and arrangement of a smaller block of text centered below the product name, (v) slogans or poetic lines following a bolded word, (vi) a bottle size and design featuring a cylindrical shape with a rounded shoulder, and (viii) a black cap, which together evokes an overall impression and theme of simplicity and purity."  A copy of this letter is attached hereto as Exhibit C.

16.     In the April 15 letter, Philosophy's counsel did **not** address B&H's point regarding the United Kingdom Intellectual Property Office's refusal of Philosophy's applications for the claimed trade dress.

17.     In the April 15 letter, Philosophy's counsel also did **not** address B&H's point that there were various third party uses of similar elements in the market.

18.     In the April 15 letter, once again, Philosophy's counsel did **not** mention the existence of U.S. Registration No. 3,862,603.

19.     At no time did during any of the above-mentioned correspondence did Philosophy assert the ownership of any federal registrations for its claimed "trade dress."  The first time that Registration No. 3,862,603 was identified was in the December 17, 2014 Complaint.  A copy of the Registration Certificate for U.S. Registration No. 3,862,603 is attached hereto as Exhibit D.

20.     On April 23, 2014, B&H's counsel responded to Philosophy's April 15 letter and stated that Philosophy's April 15 letter appeared to misunderstand B&H's positions and/or failed to respond to the issues and evidence raised by B&H's February 14 letter. A copy of this letter is attached hereto as Exhibit E.

21.     In its April 23 letter, B&H re-iterated that Philosophy did not own a U.S. registration for the claimed dress, did not appear to expressly claim rights in its claimed dress on its philosophy.com website, did not appear to expressly claim rights in its claimed dress on its packaging and was refused registration by the United Kingdom Trademark Office.

22.     In its April 23 letter, B&H requested that Philosophy respond to the points raised in B&H's previous correspondence and supply Philosophy with the requested evidence so that B&H could fully understand Philosophy's positions or evidence and respond accordingly.

23.     Philosophy **never** responded to B&H's April 23 letter.  Instead of responding to the merits of B&H's letter, Philosophy delayed, waited in the weeds for eight (8) months and sued B&H and The Bon-Ton Stores, on the eve of Christmas.

24.     Philosophy's delay and non-responsiveness in this matter has caused prejudice to B&H in that B&H had assumed its correspondence with Philosophy had resolved the matter (because it never received a response to the April 23rd letter), the dispute was concluded and proceeded to continue to sell its product.

25.     Philosophy's definition of its "trade dress" is like its claimed mark, constantly changing, vague, broad, and unspecific.

26.     Philosophy is playing fast and loose with its definition of its "trade dress" and defines its "trade dress" in three different ways throughout the course of its Complaint.

27.     In its Complaint, Philosophy conflates its definition of "trade dress" (Complaint, ¶18) and "philosophy Bath Product Trade Dress" (Complaint, ¶1) with its rights in U.S. Registration No. 3,862,603 (Complaint, ¶15), thereby implying that Philosophy has more "rights" than it really does.

28.     In reality, Philosophy is claiming three separate rights:  (a) common law rights in the "philosophy Bath Product Trade Dress," (b) common law rights in "trade dress," and (c) registrations rights in the subject mark of U.S. Registration No. 3,862,603.

29.     To the extent that Philosophy is claiming common law trademark rights, there is no legal presumption of the validity of the alleged mark, Philosophy's ownership of the alleged mark, or Philosophy's exclusive right to use the alleged mark in commerce or in connection with the goods. *See* 15. U.S.C. §1115(a).

30.     Philosophy implies that U.S. Registration No. 3,862,603 is relevant, however, Philosophy has not alleged a claim of infringement of a registered mark under 15 U.S.C.§ 114 likely because Philosophy knew that: (a) the U.S. Patent and Trademark Office rejected many of the elements of that Philosophy now claims as part of its common law rights and (b) that there is little to no similarity - much less the required likelihood of confusion - between B&H's Beauticology™ product and the subject mark of U.S. Registration No. 3,862,603.

31.     In the Complaint, Philosophy appears to claim common law rights in what it broadly defines its "philosophy Bath Product Trade Dress" (depicted in the images contained in

Paragraph 1 of the Complaint) and "trade dress" as consisting of "a combination of elements including: (i) all lowercase lettering on the primary display panel of each product; (ii) in philosophy's distinctive, recognizable font; (iii) a prominent product name featuring a food or flavor, which is unique and arbitrary for a bath product that is not intended to be tasted or eaten; (iv) the placement and arrangement of a smaller block of text centered below the product name; (v) the bolded brand name followed by a colon and the block of text; (vi) a cylindrical transparent plastic bottle with a rounded shoulder displaying the bright color of the product; and (viii) a cylindrical black cap." *See* Paragraphs 1 and 18 of the Complaint.

32.     To the extent that Philosophy asserts common law trademark rights in the elements that are not covered by U.S. Registration No. 3,862,603, Philosophy must prove that the alleged trade dress is distinctive and non-functional in every geographic area that it is hoping to assert rights and to obtain relief.

33.     Philosophy includes in its definition the common law right for its claimed "philosophy Bath Product Trade Dress" and "trade dress" (in Paragraphs 1 and 18 of the Complaint) its bottle design and cap shape, that were expressly rejected and refused by the United States Patent and Trademark Office as being non-distinctive and functional.

34.     On June 19, 2009, Philosophy filed an application to register all of the elements articulated in Paragraph 31 above.  A copy of Philosophy's trademark application is attached hereto as Exhibit F.

35.     The USPTO flatly rejected that application.

36.     On August 14, 2009, the U.S. Patent and Trademark Office refused the application on the basis that the applied-for mark, does not function as a trademark to identify

and distinguish applicant's goods from those of others and to indicate the source of applicant's goods. A copy of the August 14, 2009 Office Action is attached hereto as Exhibit G.

37. The August 14, 2009 Office Action stated, "While certain wording contained in the drawing and on the goods may function as a trademark, the design and trade dress of the bottle and the full, somewhat lengthy text appearing on the bottle, generally informational in nature, would not be perceived as unitary trademark."

38. Moreover, the August 14, 2009 Office Action stated that Applicant's mark consisted in part of a bottle configuration and that the shape or configuration of the bottle appears to be non-distinctive (e.g. a common, ordinary shape) and purely functional (e.g. as a container for the goods) and that the configuration of the bottle is seen to be non-registrable matter must be disclaimed from the mark.

39. On March 5, 2010, the USPTO issued another Office Action, refusing the application stating that Philosophy must submit a written statement claiming acquired distinctiveness. A copy of the March 5, 2010 Office Action is attached hereto as Exhibit H.

40. The March 5, 2010 Office Action also maintained the rejection that the common bottle and cap design were non-distinctive as well as purely functional and stated: "The bottle is an extremely common bottle design known in the industry as 'Boston round.' It is readily available for packaging and labeling from numerous commercial outlets and numerous products, many related to the goods of the applicant, are sold in such bottles. As such the bottle design is entirely non-distinctive, functional and a generic bottle design. Similarly, the caps are common non-distinctive shapes which are functional, generic features. It is unclear whether applicant's cap is a simple screw-on cap or flip top cap, however, neither is distinctive and each is purely functional. There is nothing about either the bottle shape or the cap design that is distinctive or

non-functional such that it would be perceived an indicator of source." The Trademark Examiner attached Internet evidence supporting these conclusions.

41.     On June 8, 2010, the USPTO issued yet another Office Action stating that the bottle shape and cap design were functional and required Philosophy to submit an amended drawing, showing the bottle shape and cap design in dotted lines, which means that those elements of the mark were removed from the application and that Philosophy would not claim rights in those elements.  A copy of the June 8, 2010 Office Action is attached hereto as Exhibit I.

42.     On June 25, 2010, Philosophy complied with the PTO's requirement by submitting an amended drawing of the mark showing that the bottle shape and cap design were in dotted lines, thus confirming that Philosophy was no longer disputing the Examiner's conclusions regarding the lack of distinctiveness and functionality of those elements and agreed to removal of those elements from the application.

43.     Thus, U.S. Registration No. 3,862,603 expressly excludes as part of the subject mark the shape of the bottle and the cap shown in broken lines.

44.     Therefore, all that is left in U.S. Registration No. 3,862,603 and what Philosophy "owns" in terms of registration rights is a label containing the exact words: 'PURITY MADE SIMPLE PURITY IS NATURAL. WE COME INTO THIS WORLD WITH ALL THE RIGHT INSTINCTS. WE ARE INNOCENT, AND THEREFORE PERCEIVE THINGS AS THEY SHOULD BE, RATHER THAN HOW THEY ARE. OUR CONSCIENCE IS CLEAR, OUR HANDS ARE CLEAN, AND THE WORLD AT LARGE IS TRULY BEAUTIFUL. IT IS AT THIS TIME WE FEEL MOST BLESSED. TO BEGIN FEELING YOUNG AGAIN, WE MUST BEGIN WITH THE MOST BASIC STEP OF ALL; THE DAILY RITUAL OF CLEANSING'.

45.     The subject mark of U.S. Registration No. 3,862,603 does not contain "the bolded brand name followed by a colon."

46.     The subject mark of U.S. Registration No. 3,862,603 does not contain a "cylindrical transparent plastic bottle with a rounded shoulder displaying the bright color of a product."

47.     The subject mark of U.S. Registration No. 3,862,603 does not contain a "cylindrical black cap."

48.     Significantly, the subject mark of U.S. Trademark Registration No. 3,862,603 was registered under §2(f) of the Trademark Act, which means that the U.S. Patent and Trademark Examiner concluded that this "mark" was not inherently distinctive (as Philosophy erroneously asserts and implies in the Complaint) and required Philosophy to submit evidence to show acquired distinctiveness.

49.     The only §2(f) evidence that Philosophy submitted in support of Application Serial No. 77/764,234 (now U.S. Registration No. 3,862,603) is a self-serving declaration from the Chief Financial Officer of Philosophy stating that the mark has become distinctive of the goods through Applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of the declaration.

50.     Such evidence is not sufficient to establish acquired distinctiveness.

51.     Philosophy has been told <u>twice</u> (first by the UK Intellectual Property Office and then by the U.S. Patent and Trademark Office) that all (or almost all) of the elements of "trade dress" – and the combination of the elements – it is claiming in its Complaint; do not function as a mark, are not distinctive and are functional. Yet, Philosophy continues to improperly claim it owns valid rights in its trade dress in this lawsuit.

52. U.S. Registration No. 3,862,603 was registered on October 19, 2010, less than five years prior to the filing of this Counterclaim.

53. Philosophy's "Bath Product Trade Dress" (as identified in Paragraph 1) is not distinctive.

54. Philosophy's "trade dress" (as defined in Paragraph 18) is not distinctive.

55. The alleged mark that is the subject of U.S. Registration No. 3,862,603 is not distinctive.

56. By Philosophy's own admission in its Complaint, Philosophy's alleged "trade dress" changes (see Paragraph 17 of the Complaint), therefore it is not "fixed" and is a phantom mark incapable of functioning as a trademark.

57. The use of all lowercase lettering on the primary display panel of packaging is common in the bath product industry.

58. The use of the font erroneously claimed by Philosophy as a "distinctive, recognizable font" is a standard font that is common in the industry.

59. The use of a descriptive product name featuring a food or flavor is used to describe the scent of bath products is common in the bath product industry.

60. The use of a block of text on the primary display panel of packaging is common in the bath product industry.

61. The use of a cylindrical, transparent plastic bottle with a rounded shoulder displaying the color of the product and showing the contents of the bottle is common in the bath product industry.

62. The use of a cylindrical black cap is common in the bath product industry.

63. The use of a block of text on the primary display panel of packaging is functional in that a block of text is needed to describe the contents within the packaging and conveys information to the consumer.

64. The use of a rounded, transparent plastic bottle that shows the contents of the bottle is functional in that it is the container for the goods and serves the purpose of revealing the product within.

65. The use of a rounded, transparent plastic bottle that shows the contents of the bottle is functional in that it holds the goods in the container.

66. The use of a cylindrical black cap is functional in that it is inexpensive and one of a limited number of ways to make a cap for a bottle.

67. Philosophy's description of its mark contained in U.S. Registration No. 3,862,603 is vague, overbroad, and unspecific.

68. The alleged mark that is the subject of U.S. Registration No. 3,862,603 is functional and incapable of indicating a source of goods or services.

69. The existence of U.S. Registration No. 3,862,603 is damaging to Counter-Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Philosophy impermissibly seeks trade dress protection for functional packaging features.

## THIRD AFFIRMATIVE DEFENSE

Philosophy impermissibly seeks trade dress protection for non-distinctive packaging features.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

This action is barred by the equitable doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred by the equitable doctrine of acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

This action is barred by the equitable doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred by the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Philosophy is engaging in trademark misuse by enforcing rights in unprotectable packaging features in order to hinder legitimate competition from B&H and others who wish to offer consumers bath products with common and functional packaging that contains blocks of text, names that describe the scent of the product, lowercase lettering, and a commonly used transparent plastic bottle and cylindrical black cap, and is improperly using the threat of protracted litigation to try to extort packaging changes from competitors.

## TENTH AFFIRMATIVE DEFENSE

Philosophy is impermissibly dissecting the elements of its packaging and ignoring the true source-identifying element – the PHILOSOPHY word mark – of the packaging design it uses in the marketplace and Philosophy improperly seeks trade dress protection for an idea, concept, or generalized type of appearance.

## ELEVENTH AFFIRMATIVE DEFENSE

The philosophy Bath Product Trade Dress is invalid, unenforceable, and/or void based on the failure of the alleged mark to function as a trademark.

## TWELFTH AFFIRMATIVE DEFENSE

The "trade dress" is invalid, unenforceable, and/or void based on the failure of the alleged mark to function as a trademark.

## THIRTEENTH AFFIRMATIVE DEFENSE

The philosophy Bath Product Trade Dress is invalid, unenforceable, and/or void as the alleged mark is not inherently distinctive or has not acquired secondary meaning.

## FOURTEENTH AFFIRMATIVE DEFENSE

The "trade dress" is invalid, unenforceable, and/or void as the alleged mark is non-distinctive is inherently distinctive or has not acquired secondary meaning.

## FIFTEENTH AFFIRMATIVE DEFENSE

The philosophy Bath Product Trade Dress is invalid, unenforceable, and/or void because it is functional.

## SIXTEENTH AFFIRMATIVE DEFENSE

The "trade dress" is invalid, unenforceable, and/or void because it is functional.

## SEVENTEENTH AFFIRMATIVE DEFENSE

U.S. Trademark Registration No. 3,862,603 is invalid, unenforceable, and/or void based on the failure of the alleged mark to function as a trademark.

## EIGHTEENTH AFFIRMATIVE DEFENSE

U.S. Trademark Registration No. 3,862,603 is invalid, unenforceable, and/or void as the alleged mark is not inherently distinctive or has not acquired secondary meaning.

## NINETEENTH AFFIRMATIVE DEFENSE

U.S. Trademark Registration No. 3,862,603 is invalid, unenforceable, and/or void because it is functional.

## ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses after further discovery occurs.

## III.  COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Baylis and Harding PLC ("B&H"), by and through its attorneys, hereby asserts the following counterclaims against Plaintiff Philosophy, Inc. ("Philosophy"):

## PARTIES

1.      Counter-Plaintiff, B&H is a registered public company organized and existing unde the laws of the United Kingdom, with a principal place of business at Nash Road, Park Farm, Redditch, Worcestershire, B98 7AS, United Kingdom.

2.      On information and belief, Counter-Defendant Philosophy is a corporation organized and existing under the laws of Arizona, with a principal place of business at 3809 East Watkins Street, Phoenix, Arizona 85034, authorized to conduct business in the state and county of New York and has actively participated in the acts complained of herein.

## JURISDICTION AND VENUE

3.      This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. § 2201 in regard to an actual controversy between Counter-Defendant and Counter-Plaintiffs, and for cancellation of a federal trademark registration pursuant to 15 U.S.C. § 1119.

4.      This Court has subject matter jurisdiction over the counterclaim under 28 U.S.C. §§ 1331, 1338(a), 1367, and 15 U.S.C. § 1119.

5.       Philosophy is subject to both general and specific jurisdiction because it regularly and continuously transacts business in the State of New York.  Further, Philosophy voluntarily chose this forum for this dispute by filing the Complaint in this action.  The exercise of personal jurisdiction over Counterclaim Defendant by this Court is reasonable and consistent with the federal Due Process Clause.

6.       Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c), in that Philosophy transacts business affairs within this District, and filed its Complaint in this Court.

## FACTS

7.       Counter-Plaintiff incorporates by reference each of the foregoing Paragraphs of this Counterclaim.

8.       Baylis & Harding ("B&H") is an innovative, successful and well respected company that has been selling beauty and bath products in the United Kingdom for nearly 40 years, in Europe and the Middle East for well over a decade and, more recently, in the United States.

9.       B&H sells its clearly-trademarked Beauticology™ products with the Baylis & Harding name appearing on the packaging.

10.       In sharp contrast with Philosophy's allegations regarding the parties' correspondence, B&H responded promptly to Philosophy and sought to engage in reasonable discussion about the issues in dispute, while Philosophy was dilatory and non-responsive.

11.       On January 7, 2014, Philosophy's counsel wrote to B&H asserting that Philosophy claimed trade dress rights in "plastic bottles with black caps, colors evoking the product names, dense copy presented in all lower case letters, and slogans or poetic lines following a bolded word" and asserted that B&H's Beauticology™ products infringed upon

Philosophy's rights in that claimed "trade dress". A copy of Philosophy's January 7, 2014 letter is attached hereto as Exhibit A.

12. In Philosophy's January 7, 2014 letter, Philosophy stated many of Philosophy's products are scented like various food products and are named accordingly. See Exhibit A.

13. In Philosophy's January 7, 2014 letter, there is no mention of U.S. Registration No. 3,862,603.

14. On February 14, 2014, B&H's counsel responded to Philosophy's January 7 letter indicating that B&H had at all times acted in good faith in connection with the design, manufacture and sale of its products and that B&H clearly and prominently uses its distinctive Beauticology™ mark on its packaging. A copy of B&H's February 14, 2014 letter is attached hereto as Exhibit B.

15. In B&H's February 14 letter, B&H pointed out evidence that significantly undercuts Philosophy's ability to meet its burden to prove the validity of its claimed trade dress.

16. In B&H's February 14 letter, B&H stated that in previous correspondence Philosophy did not allege ownership of a U.S. federal trademark registration for its claimed trade dress, because it does not own such a registration.

17. In B&H's February 14 letter, B&H asserted that it would be difficult for Philosophy to meet the burden to prove the validity of its claimed trade dress due to the nature of the elements claimed and the various third party uses of similar elements in the marketplace.

18. Additionally, in B&H's February 14 letter, B&H noted that Philosophy, Inc. had filed three trademark applications covering four three-dimensional marks for the claimed dress in the United Kingdom Intellectual Property Office including the following applications (which are virtually the same as what it now claims as "trade dress" in the present lawsuit):

a. Application No. UK00002534064 with a description of "The mark consists of a black-capped clear bottle onto which there is printed black Jansen font "philosophy" followed by a recipe. The mark comprising the product name is applied centrally over the text blox in black text on the front of the bottle.";

b. Application No. UK00002534067 with a description of "The first mark consists of a black-capped clear bottle onto which is printed, in black Jansen font, "raspberry sorbet," under which there follows a block of text comprising a recipe. The second mark consists of a black-capped clear bottle through is visible the colour pink applied to the goods with "raspberry sorbet" printed in black Jansen font on the front of the bottle, under which there follows a block of text comprising a recipe."; and

c. Application No. UK00002530462 with a description of the mark as "The mark consists of a black-capped clear bottle (through which is visible the colour white, applied to the goods), onto which there is printed in black font "coconut frosting" and immediately underneath there follows text (in the form of a recipe or poem), filling the text block, which is indicated by the dotted line."

B&H's counsel noted that each of these applications was refused because Philosophy's application was opposed and, after evidence and arguments were filed, the United Kingdom Trademark Registrar found that the combined elements of the claimed trade dress contained standard font, were commonly used, the names of the products were used to describe the fragrances of the goods and were therefore devoid of distinctive character. B&H's counsel provided Philosophy's counsel a copy of the UK decision in connection with the February 14 response letter. *See* the attachment to Exhibit B.

19.     The United Kingdom Trademark Registrar also stated that the use of an unspecified element of a mark (such as the recipe or poem referred to in the description of philosophy's United Kingdom trademark applications) does not endow it with distinctive character.

20.     In B&H's February 14 letter, B&H noted that its products had been in the marketplace for over a year and a half at the time of the letter and that B&H's products had been co-existing with Coty's Philosophy product line for that whole time period, without being aware of any instances of confusion.

21.     In B&H's February 14 letter, B&H concluded by stating that for the enumerated reasons, B&H was unable to agree to Philosophy's terms but that B&H would be interested in hearing Philosophy's response to the points raised in B&H's February 14th letter.

22.     On April 15, 2014, ***over two months*** after B&H's counsel sent the February 14 letter to Philosophy's counsel, Philosophy's counsel wrote to B&H's counsel and claimed that Philosophy's trade dress was broader than what it asserted on January 7, this time asserting that Philosophy's trade dress consisted of a combination of: 1) "all lowercase lettering on the primary display panel of each product, (ii) a distinct and easily recognizable font, (iii), a prominent product name featuring a unique and arbitrary food or flavor for a shampoo, shower gel,& bubble bath product that is not intended to be tasted or eaten, (iv) the placement and arrangement of a smaller block of text centered below the product name, (v) slogans or poetic lines following a bolded word, (vi) a bottle size and design featuring a cylindrical shape with a rounded shoulder, and (viii) a black cap, which together evokes an overall impression and theme of simplicity and purity."  A copy of this letter is attached hereto as Exhibit C.

23.    In the April 15 letter, Philosophy's counsel did **not** address B&H's point regarding the United Kingdom Intellectual Property Office's refusal of Philosophy's applications for the claimed trade dress.

24.    In the April 15 letter, Philosophy's counsel also did **not** address B&H's point that there were various third party uses of similar elements in the market.

25.    In the April 15 letter, once again, Philosophy's counsel did **not** mention the existence of U.S. Registration No. 3,862,603.

26.    At no time did during any of the above-mentioned correspondence did Philosophy assert the ownership of any federal registrations for its claimed "trade dress."  The first time that Registration No. 3,862,603 was identified was in the December 17, 2014 Complaint.  A copy of the Registration Certificate for Registration No. 3,862,603 is attached hereto as Exhibit D.

27.    On April  23, 2014, B&H's counsel responded to Philosophy's April 15 letter and stated that Philosophy's April 15 letter appeared to misunderstand B&H's positions and/or failed to respond to the issues and evidence raised by B&H's February 14 letter. A copy of this letter is attached hereto as Exhibit D.

28.    In its April 23 letter, B&H re-iterated that Philosophy did not own a U.S. registration for the claimed dress, did not appear to expressly claim rights in its claimed dress on its philosophy.com website, did not appear to expressly claim rights in its claimed dress on its packaging and was refused registration by the United Kingdom Trademark Office.

29.    In its April 23 letter, B&H requested that Philosophy respond to the points raised in B&H's previous correspondence and supply Philosophy with the requested evidence so that B&H could fully understand Philosophy's positions or evidence and respond accordingly.

30.     Philosophy **never** responded to B&H's April 23 letter.  Instead of responding to the merits of B&H's letter, Philosophy delayed, waited in the weeds for eight (8) months and sued B&H and The Bon-Ton Stores, on the eve of Christmas.

31.     Philosophy's delay and non-responsiveness in this matter has caused prejudice to B&H in that B&H had assumed its correspondence with Philosophy had resolved the matter (because it never received a response to the April 23rd letter), the dispute was concluded and proceeded to continue to sell its product.

32.     Philosophy's definition of its "trade dress" is like its claimed mark, constantly changing, vague, broad, and unspecific.

33.     Philosophy is playing fast and loose with its definition of its "trade dress" and defines its "trade dress" is three different ways throughout the course of its Complaint.

34.     In its Complaint, Philosophy conflates its definition of "trade dress" (Complaint, ¶18) and "philosophy Bath Product Trade Dress" (Complaint, ¶1) with its rights in U.S. Registration No. 3,862,603 (Complaint ¶15), thereby implying that Philosophy has more "rights" than it really does.

35.     In reality, Philosophy is claiming three separate rights:  (a) common law rights in the "philosophy Bath Product Trade Dress," (b) common law rights in the "trade dress," and (c) registration rights in the subject mark of U.S. Registration No. 3,862,603.

36.     To the extent that Philosophy is claiming common law trademark rights, there is no legal presumption of the validity of the alleged mark, Philosophy's ownership of the alleged mark, or Philosophy's exclusive right to use the alleged mark in commerce or in connection with the goods.  *See* 15 U.S.C. §1115(a).

37.     Philosophy implies that U.S. Registration No. 3,862,603 is relevant, however, Philosophy has not alleged a claim of infringement of a registered mark under 15 U.S.C.§ 114 likely because Philosophy knew that: (a) the U.S. Patent and Trademark Office rejected many of the elements of that Philosophy now claims as part of its common law rights and (b) that there is little to no similarity - much less the required likelihood of confusion - between B&H's Beauticology™ product and the subject mark of U.S. Registration No. 3,862,603.

38.     In the Complaint, Philosophy appears to claim common law rights in what it broadly defines its "philosophy Bath Product Trade Dress" (depicted in the images contained in Paragraph 1 of the Complaint) and "trade dress" as consisting of "a combination of elements including: (i) all lowercase lettering on the primary display panel of each product; (ii) in philosophy's distinctive, recognizable font; (iii) a prominent product name featuring a food or flavor, which is unique and arbitrary for a bath product that is not intended to be tasted or eaten; (iv) the placement and arrangement of a smaller block of text centered below the product name; (v) the bolded brand name followed by a colon and the block of text; (vi) a cylindrical transparent plastic bottle with a rounded shoulder displaying the bright color of the product; and (viii) a cylindrical black cap." *See* Paragraphs 1 and 18 of the Complaint.

39.     To the extent that Philosophy asserts common law trademark rights in the elements that are not covered by U.S. Registration No. 3,862,603, Philosophy must prove that the alleged trade dress is distinctive and non-functional in every geographic area that it is hoping to assert rights and to obtain relief.

40.     Philosophy includes in its definition the common law right for its claimed "philosophy Bath Product Trade Dress" and "trade dress" (in Paragraphs 1 and 18 of the

Complaint) its bottle design and cap shape, that were expressly rejected and refused by the United States Patent and Trademark Office as being non-distinctive and functional.

41.     On June 19, 2009, Philosophy filed an application to register all of the elements articulated in Paragraph 31 above. A copy of Philosophy's trademark application is attached hereto as Exhibit F.

42.     The USPTO flatly rejected that application.

43.     On August 14, 2009, the U.S. Patent and Trademark Office refused the application on the basis that the applied-for mark, does not function as a trademark to identify and distinguish applicant's goods from those of others and to indicate the source of applicant's goods. A copy of the August 14, 2009 Office Action is attached hereto as Exhibit G.

44.     The August 14, 2009 Office Action stated, "While certain wording contained in the drawing and on the goods may function as a trademark, the design and trade dress of the bottle and the full, somewhat lengthy text appearing on the bottle, generally informational in nature, would not be perceived as unitary trademark."

45.     Moreover, the August 14, 2009 Office Action stated that Applicant's mark consisted in part of a bottle configuration and that the shape or configuration of the bottle appears to be non-distinctive (e.g. a common, ordinary shape) and purely functional (e.g. as a container for the goods) and that the configuration of the bottle is seen to be non-registrable matter must be disclaimed from the mark.

46.     On March 5, 2010, the USPTO issued another Office Action, refusing the application stating that Philosophy must submit a written statement claiming acquired distinctiveness. A copy of the March 5, 2010 Office Action is attached hereto as Exhibit H.

47.     The March 5, 2010 Office Action also maintained the rejection that the common bottle and cap design were non-distinctive as well as purely functional and stated: "The bottle is an extremely common bottle design known in the industry as 'Boston round.' It is readily available for packaging and labeling from numerous commercial outlets and numerous products, many related to the goods of the applicant, are sold in such bottles. As such the bottle design is entirely non-distinctive, functional and a generic bottle design. Similarly, the caps are common non-distinctive shapes which are functional, generic features. It is unclear whether applicant's cap is a simple screw-on cap or flip top cap, however, neither is distinctive and each is purely functional. There is nothing about either the bottle shape or the cap design that is distinctive or non-functional such that it would be perceived an indicator of source." The Trademark Examiner attached Internet evidence supporting these conclusions.

48.     On June 8, 2010, the USPTO issued yet another Office Action stating that the bottle shape and cap design were functional and required Philosophy to submit an amended drawing, showing the bottle shape and cap design in dotted lines, which means that those elements of the mark were removed from the application and that Philosophy would not claim rights in those elements. A copy of the June 8, 2010 Office Action is attached hereto as Exhibit I.

49.     On June 25, 2010, Philosophy complied with the PTO's requirement by submitting an amended drawing of the mark showing that the bottle shape and cap design were in dotted lines, thus confirming that Philosophy was no longer disputing the Examiner's conclusions regarding the lack of distinctiveness and functionality of those elements and agreed to removal of those elements from the application.

50.     Thus, U.S. Registration No. 3,862,603 expressly excludes as part of the subject mark the shape of the bottle and the cap shown in broken lines.

51.     Therefore, all that is left in U.S. Registration No. 3,862,603 and what Philosophy "owns" in terms of registration rights is a label containing the exact words: 'PURITY MADE SIMPLE PURITY IS NATURAL. WE COME INTO THIS WORLD WITH ALL THE RIGHT INSTINCTS. WE ARE INNOCENT, AND THEREFORE PERCEIVE THINGS AS THEY SHOULD BE, RATHER THAN HOW THEY ARE. OUR CONSCIENCE IS CLEAR, OUR HANDS ARE CLEAN, AND THE WORLD AT LARGE IS TRULY BEAUTIFUL. IT IS AT THIS TIME WE FEEL MOST BLESSED. TO BEGIN FEELING YOUNG AGAIN, WE MUST BEGIN WITH THE MOST BASIC STEP OF ALL; THE DAILY RITUAL OF CLEANSING'.

52.     The subject mark of U.S. Registration No. 3,862,603 does not contain "the bolded brand name followed by a colon."

53.     The subject mark of U.S. Registration No. 3,862,603 does not contain a "cylindrical transparent plastic bottle with a rounded shoulder displaying the bright color of a product."

54.     The subject mark of U.S. Registration No. 3,862,603 does not contain a "cylindrical black cap."

55.     Significantly, the subject mark of U.S. Trademark Registration No. 3,862,603 was registered under §2(f) of the Trademark Act, which means that the U.S. Patent and Trademark Examiner concluded that this "mark" was not inherently distinctive (as Philosophy erroneously asserts and implies in the Complaint) and required Philosophy to submit evidence to show acquired distinctiveness.

56. The only §2(f) evidence that Philosophy submitted in support of Application Serial No. 77/764,234 (now U.S. Registration No. 3,862,603) is a self-serving declaration from the Chief Financial Officer of Philosophy stating that the mark has become distinctive of the goods through Applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of the declaration.

57. Such evidence is not sufficient to establish acquired distinctiveness.

58. Philosophy has been told <u>twice</u> (first by the UK Intellectual Property Office and then by the U.S. Patent and Trademark Office) that all (or almost all) of the elements of "trade dress" – and the combination of the elements – it is claiming in its Complaint; do not function as a mark, are not distinctive and are functional. Yet, Philosophy continues to improperly claim it owns valid rights in its trade dress in this lawsuit.

59. U.S. Registration No. 3,862,603 was registered on October 19, 2010, less than five years prior to the filing of this Counterclaim.

60. Philosophy's "Bath Product Trade Dress" (as identified in Paragraph 1) is not distinctive.

61. Philosophy's "trade dress" (as defined in Paragraph 18) is not distinctive.

62. The alleged mark that is the subject of U.S. Registration No. 3,862,603 is not distinctive.

63. By Philosophy's own admission in its Complaint, Philosophy's alleged "trade dress" changes (see Paragraph 17 of the Complaint), therefore it is not "fixed" and is a phantom mark incapable of functioning as a trademark.

64. The use of all lowercase lettering on the primary display panel of packaging is common in the bath product industry.

65.     The use of the font erroneously claimed by Philosophy as a "distinctive, recognizable font" is a standard font that is common in the industry.

66.     The use of a descriptive product name featuring a food or flavor is used to describe the scent of bath products is common in the bath product industry.

67.     The use of a block of text on the primary display panel of packaging is common in the bath product industry.

68.     The use of a cylindrical, transparent plastic bottle with a rounded shoulder displaying the color of the product and showing the contents of the bottle is common in the bath product industry.

69.     The use of a cylindrical black cap is common in the bath product industry.

70.     The use of a block of text on the primary display panel of packaging is functional in that a block of text is needed to describe the contents within the packaging and conveys information to the consumer.

71.     The use of a rounded, transparent plastic bottle that shows the contents of the bottle is functional in that it is the container for the goods and serves the purpose of revealing the product within.

72.     The use of a rounded, transparent plastic bottle that shows the contents of the bottle is functional in that it holds the goods in the container, is commonly available and inexpensive.

73.     The use of a cylindrical black cap is functional in that it is inexpensive and one of a limited number of ways to make a cap for a bottle.

74.     Philosophy's description of its mark contained in U.S. Registration No. 3,862,603 is vague, overbroad, and unspecific.

75.     The alleged mark that is the subject of U.S. Registration No. 3,862,603 is functional and incapable of indicating a source of goods or services.

76.     The existence of U.S. Registration No. 3,862,603 is damaging to Counter-Plaintiff.

## COUNTERCLAIM I

**(Declaratory Judgment of Non-Infringement and No Unfair Competition)**

77.     Counter-Plaintiffs incorporate by reference each of the foregoing Paragraphs of this Counterclaim.

78.     Counter-Plaintiffs request that the Court declare pursuant to 28 U.S.C. § 2201 that the philosophy Bath Product Trade Dress is not distinctive.

79.     Counter-Plaintiffs request that the Court declare pursuant to 28 U.S.C. § 2201 that the "trade dress" is not distinctive.

80.     Counter-Plaintiffs request that the Court declare pursuant to 28 U.S.C. § 2201 that the philosophy Bath Product Trade Dress does not function as a mark.

81.     Counter-Plaintiffs request that the Court declare pursuant to 28 U.S.C. § 2201 that the "trade dress" does not function as a mark.

82.     Counter-Plaintiffs request that the Court declare pursuant to 28 U.S.C. § 2201 that the philosophy Bath Product Trade Dress is functional.

83.     Counter-Plaintiffs request that the Court declare pursuant to 28 U.S.C. § 2201 that the "trade dress" is functional.

84.     Counter-Plaintiffs request that the Court declare that Counter-Plaintiffs' use in connection with its bath products of

(a) current Beauticology™ product packaging or

(b) its Beauticology™ mark followed by a colon, a descriptive product name featuring a food or flavor, the commonplace use of an ordinary font and lowercase lettering on product packaging, a block of text, a transparent plastic bottle, and cylindrical black cap

does not constitute trademark infringement, dilution or unfair competition in violation of any valid and enforceable rights owned by Counter-Defendant.

## COUNTERCLAIM II
### (Declaratory Judgment of No Dilution)

85.     Counter-Plaintiffs incorporate by reference each of the foregoing Paragraphs of this Counterclaim.

86.     Counter-Plaintiffs request that the Court declare pursuant to 28 U.S.C. § 2201 that the philosophy Bath Product Trade Dress is not-distinctive.

87.     Counter-Plaintiffs request that the Court declare pursuant to 28 U.S.C. § 2201 that the "trade dress" is not-distinctive.

88.     Counter-Plaintiffs request that the Court declare pursuant to 28 U.S.C. § 2201 that the philosophy Bath Product Trade Dress is not well known.

89.     Counter-Plaintiffs request that the Court declare pursuant to 28 U.S.C. § 2201 that the philosophy "trade dress" is not well known.

90.     Counter-Plaintiffs request that the Court declare that Counter-Plaintiffs' use in connection with its bath products of

(a) current Beauticology™ product packaging or

(b) its Beauticology™ mark followed by a colon, a descriptive product name featuring a food or flavor, the commonplace use of an ordinary font and lowercase lettering on product packaging, a block of text, a transparent plastic bottle, and cylindrical black cap

does not tarnish any alleged rights owned by Counter-Defendant.

91.     Counter-Plaintiffs request that the Court declare that Counter-Plaintiffs' use in connection with its bath products of

(a) current Beauticology™ product packaging or

(b) its Beauticology™ mark followed by a colon, a descriptive product name featuring a food or flavor, the commonplace use of an ordinary font and lowercase lettering on product packaging, a block of text, a transparent plastic bottle, and cylindrical black cap

does not dilute any alleged rights owned by Counter-Defendant.

## COUNTERCLAIM III

### (Cancellation of U.S. Registration No. 3,862,603)

92.     Counter-Plaintiff incorporates by reference each of the foregoing Paragraphs of this Counterclaim.

93.     Registration No. 3,862,603 should be cancelled because the subject mark of U.S. Registration No. 3,862,603 does not function as a mark.

94.     Registration No. 3,862,603 should be cancelled because the subject mark of U.S. Registration No. 3,862,603 is not distinctive, lacks secondary meaning, and is otherwise not recognized by consumers as identifying a single source of origin

95.     Registration No. 3,862,603 should be cancelled because the subject mark of Registration No. 3,862,603 is functional.

96.     By reason of the foregoing, Counter-Plaintiff is being and will continue to be damaged by the continued registration of U.S. Registration No. 3,862,603.

97.     Registration No. 3,862,603 should be cancelled pursuant to 15 U.S.C. § 1064(1) because Counter-Plaintiff is damaged by the registration of the mark on the Principal Register, because it confers upon Philosophy statutory presumptions to which it is not entitled.

98.     Registration No. 3,862,603 should be cancelled pursuant to 15 U.S.C. § 1064(1) because Counter-Plaintiff is damaged by the registration of the mark on the Principal Register because it allows Philosophy to attempt to inhibit legitimate competition from B&H and others who wish to offer consumers bath products with common and functional packaging.

## PRAYER FOR RELIEF

WHEREFORE, Baylis and Harding PLC respectfully requests that this Court:

(1) Enter judgment in favor of Defendant and deny each of Plaintiff's claims;

(2) Deny all requests for injunctive relief, accounting, damages, disgorgement, exemplary damages, punitive damages, treble damages, and any other monetary or equitable remedies, costs, and/or attorney's fees sought by Philosophy.;

(3) Declare that:

 a) the philosophy Bath Product Trade Dress does not function as a mark, is not distinctive, is functional, and is therefore invalid and unenforceable;

 b) the "trade dress" does not function as a mark, is not distinctive, is functional, and is therefore invalid and unenforceable;

 (c) the mark that is the subject of U.S. Registration No. 3,862,603 does not function as a mark, is not distinctive, and is functional;

 (d) there is no likelihood of confusion between Defendant's Beauticology™ product and Plaintiff's claimed rights in the "philosophy Bath Product Trade Dress," "trade dress" or the subject mark of U.S. Registration No. 3,862,603; and

 (e) Counter-Plaintiffs' use in connection with its bath products of (a) current Beauticology™ product packaging or (b) its Beauticology™ mark followed by a colon, a descriptive product name featuring a food or flavor, the commonplace use of an ordinary font and lowercase lettering on product packaging, a block of text, a transparent plastic bottle, and cylindrical black cap does not constitute trademark infringement, dilution or unfair competition in violation of any valid and enforceable rights owned by Counter-Defendant.

(4) Pursuant to 15 U.S.C. § 1119, direct the Commissioner for Trademarks to cancel Registration No. 3,862,603 and strike it from the Federal Register; and

(5) Award Defendant all other relief to which it is justly entitled.

## **JURY DEMAND**

Baylis & Harding PLC demands a trial by jury on all triable issues in this action.

Dated: January 26, 2015      NORTON ROSE FULBRIGHT US LLP

            */s/ Sarah E. O'Connell*
            Sarah E. O'Connell
            NORTON ROSE FULBRIGHT US LLP
            666 Fifth Avenue
            New York, NY 10103-3198
            Telephone: (212) 318 3000
            Facsimile: (212) 318 3400
            Email: sarah.oconnell@nortonrosefulbright.com

            Timothy M. Kenny (application for admission pro hac vice pending)
            Shelby Knutson Bruce (application for admission pro hac vice pending)
            NORTON ROSE FULBRIGHT US LLP
            RBC Plaza
            60 South Sixth Street, Suite 3100
            Minneapolis, Minnesota  55402
            Telephone:  (612) 321-2800
            Facsimile:  (612) 321-2288
            Email: tim.kenny@nortonrosefulbright.com
              shelby.bruce@nortonrosefulbright.com

            *Attorneys for Defendants and Counterclaimants*

## CERTIFICATE OF SERVICE

The foregoing document was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on January __, 2015, on counsel listed below via the Court's ECF system:

Lisa Pearson, Esq.
KILPATRICK TOWNSEND & STOCKTON LLP
1114 Avenue of the Americas, 21st Fl.
New York, NY 10036

/s/_____
Sarah E. O'Connell