KILPATRICK TOWNSEND & STOCKTON LLP
Lisa Pearson (LP 4916)
Robert Potter (RP 5757)
Olivia Harris (OH 1983)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
lpearson@kilpatricktownsend.com
rpotter@kilpatricktownsend.com
oharris@kilpatricktownsend.com

*Attorneys for Plaintiff/Counterclaim-Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILOSOPHY, INC.,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>BAYLIS & HARDING PLC and THE BON-TON STORES, INC.,<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No. 14-CV-9892 (WHP) |

**ANSWER TO DEFENDANT AND COUNTERCLAIM-PLAINTIFF**
**THE BON-TON STORES, INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant philosophy, Inc. ("philosophy"), by its attorneys Kilpatrick Townsend & Stockton LLP, for its answer to the Counterclaims filed by Defendant and Counterclaim-Plaintiff The Bon-Ton Stores, Inc. ("Bon-Ton") alleges as follows:

**PARTIES**

1. Upon information and belief, admits the allegations in Paragraph 1.

2. Admits that philosophy is a corporation organized and existing under the laws of Arizona, with a principal place of business at 3809 East Watkins Street, Phoenix, Arizona 85034,

and that it is authorized to conduct business in the state and county of New York, and otherwise denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, admits that Bon-Ton asserts counterclaims for declaratory judgment and for cancellation of a federal trademark registration, denies that there is an actual case or controversy as to philosophy's federal trademark registration and that Bon-Ton is entitled to the relief it seeks, and otherwise denies the allegations in Paragraph 3.

4. The allegations contained in Paragraph 4 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, denies the allegations in Paragraph 4.

5. Admits that it regularly and continuously transacts business in the State of New York and that it filed its Complaint in this forum. The remaining allegations contained in Paragraph 5 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, otherwise denies the allegations in Paragraph 5.

6. Admits that it transacts business within this District and that it filed its Complaint in this Court. The remaining allegations contained in Paragraph 6 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, otherwise denies the allegations in Paragraph 6.

## **FACTS**

7. Incorporates by reference its responses to each of the preceding paragraphs as if fully restated herein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. Admits that the packaging of certain products sold by Bon-Ton bears the terms "beauticology" and "Baylis & Harding," but lacks knowledge or information sufficient to form a belief as to all such products that may have been sold by B&H, and therefore denies the remaining allegations in Paragraph 10.

11. Admits that Bon-Ton responded to certain correspondence sent to it by philosophy, refers to such correspondence and Bon-Ton's responses for their contents, and otherwise denies the allegations in Paragraph 11.

12. Admits that philosophy's counsel wrote to Bon-Ton on or about January 7, 2014, and that Bon-Ton wrote to philosophy's counsel on or about February 20, 2014, and refers to such correspondence for its contents; admits that Bon-Ton contacted philosophy's counsel by phone on January 27, 2014 and by email on February 18, 2014 to advise that a substantive response would be forthcoming; and otherwise denies the allegations in Paragraph 12.

13. Avers that the actions of the United Kingdom Intellectual Property Office are not relevant to this action because trademark rights are territorial and any such actions involved application of foreign law and were not based upon philosophy's rights arising from extensive and continuous use of the philosophy Bath Product Trade Dress in the United States. To the

extent that any answer is required, refers to the referenced documents for their contents and otherwise denies the allegations in Paragraph 13.

14. Avers that the actions of the United Kingdom Intellectual Property Office are not relevant to this action because trademark rights are territorial and any such actions involved application of foreign law and were not based upon philosophy's rights arising from extensive and continuous use of the philosophy Bath Product Trade Dress in the United States. To the extent that any answer is required, refers to the referenced documents for their contents and otherwise denies the allegations in Paragraph 14.

15. Avers that at no time has philosophy alleged that Defendants, or either of them, have infringed U.S. Reg. No. 3,862,603, that philosophy has not asserted any such claim in this action, that philosophy referenced its "Purity Made Simple" product packaging for which it has obtained U.S. Reg. No. 3,862,603 in Paragraph 15 of its Complaint to illustrate that all of philosophy's products share certain common trade dress element, and that the trade dress of the specific line of philosophy products at issue in this action and on which philosophy bases its claims is defined as the "philosophy Bath Product Trade Dress," depicted and described in Paragraphs 1 and 18 of the Complaint, admits that philosophy's counsel wrote to Bon-Ton's counsel on or about January 7, 2014, refers to that correspondence and its Complaint for their contents, and otherwise denies the allegations in Paragraph 15.

16. Avers that the mark at issue in this litigation is the philosophy Bath Product Trade Dress and otherwise denies the allegations in Paragraph 16.

17. Denies the allegations in Paragraph 17.

18. Denies the allegations in Paragraph 18.

19. Admits that philosophy claims trademark rights in different combinations of trade dress elements, avers that the trade dress on which it has predicated its claims against Bon-Ton is

the philosophy Bath Product Trade Dress, in which it owns common law rights, admits that it owns U.S. Reg. No. 3,862,603, and otherwise denies the allegations in Paragraph 19.

20. The allegations contained in Paragraph 20 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.

21. Refers Bon-Ton to Paragraph 19 above, avers that philosophy has consistently asserted that Bon-Ton has infringed the philosophy Bath Product Trade Dress, not U.S. Reg. No. 3,862,603, and otherwise denies the allegations in Paragraph 21.

22. Admits that the philosophy Bath Product Trade Dress, upon which philosophy bases its claims in this action, is specifically identified in Paragraphs 1 and 18 of the Complaint, and otherwise denies the allegations in Paragraph 22.

23. The allegations contained in Paragraph 23 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, denies the allegations in Paragraph 23.

24. Avers that philosophy has not applied to register the philosophy Bath Product Trade Tress in the United States and that the USPTO has never taken any position on the registrability of that combination of elements, admits that the philosophy Bath Product Trade Dress at issue in this litigation includes the distinctive combination of elements identified in Paragraph 18 of the Complaint, including, among other elements, "a cylindrical transparent plastic bottle with a rounded shoulder displaying the bright color of the product" and "a cylindrical black cap" (Complaint ¶ 18), and otherwise denies the allegations in Paragraph 24.

25. Denies the allegations in Paragraph 25, and refers to philosophy's application U.S. Serial No. 77/764,234, which was issued as U.S. Reg. No. 3,862,603, for its contents.

26. Refers to the file wrapper of U.S. Reg. No. 3,862,603 for its contents, and otherwise denies the allegations in Paragraph 26.

27. Admits that the USPTO Examining Attorney issued an Office Action on or about August 14, 2009, refers to that document for its contents, and otherwise denies the allegations in Paragraph 27.

28. Admits that the USPTO Examining Attorney issued an Office Action on or about August 14, 2009 and refers to that document for its contents.

29. Admits that the USPTO Examining Attorney issued an Office Action on or about August 14, 2009 and refers to that document for its contents.

30. Admits that the USPTO Examining Attorney issued an Office Action on or about March 5, 2010 and refers to that document for its contents.

31. Admits that the USPTO Examining Attorney issued an Office Action on or about March 5, 2010 and refers to that document for its contents.

32. Admits that the USPTO Examining Attorney issued an Office Action on or about June 8, 2010 and refers to that document for its contents.

33. Admits that, on or about June 25, 2010, philosophy submitted a response to the June 8, 2010 Office Action, along with an amended drawing of the subject mark, expressly stating that "Applicant respectfully disagrees [with the USPTO's Examining Attorney] but presents an amended drawing showing the bottle and cap outlines in broken lines in order to expedite prosecution," and otherwise denies the allegations in Paragraph 33.

34. The allegations contained in Paragraph 34 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, avers that the registered design mark is depicted and described in U.S. Reg. No. 3,862,603, and refers to U.S. Reg. No. 3,862,603 for its contents.

35. The allegations contained in Paragraph 35 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, denies the allegation in Paragraph 35, avers that the registered design mark is depicted and described in U.S. Reg. No. 3,862,603, and refers to U.S. Reg. No. 3,862,603 for its contents.

36. The allegations contained in Paragraph 36 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, denies the allegations in Paragraph 36, avers that the registered design mark is depicted and described in U.S. Reg. No. 3,862,603, and refers to U.S. Reg. No. 3,862,603 for its contents.

37. Avers that the material depicted in dotted lines shows placement of the mark but is not part of the mark as registered, and otherwise denies the allegations in Paragraph 37.

38. Avers that the material depicted in dotted lines shows placement of the mark but is not part of the mark as registered, and otherwise denies the allegations in Paragraph 38.

39. Avers that in Paragraph 21 of its Complaint philosophy alleges that the philosophy Bath Product Trade Dress (not the design mark protected by U.S. Reg. No. 3,862,603) is inherently distinctive, admits that U.S. Reg. No. 3,862,603 is registered under §2(f) of the Lanham Act, refers to the file wrapper for its contents, and otherwise denies the allegations in Paragraph 39.

40. Admits that on or about April 21, 2010, philosophy filed with the USPTO a declaration in support of application U.S. Serial No. 77/764,234 asserting that the mark, now covered by U.S. Reg. No. 3,862,603, "has become distinctive of the goods through Applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement," and otherwise denies the allegations in Paragraph 40.

41. The allegations contained in Paragraph 41 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, denies the allegations in Paragraph 41 and refers to U.S. Reg. No. 3,862,603 and its file wrapper for their contents.

42. Denies the allegations in Paragraph 42. philosophy specifically denies that the distinctive combination of elements comprising the philosophy Bath Product Trade Dress, upon which philosophy bases its claims in this action, fails to function as a source identifier, lacks distinctiveness, or is functional.

43. Admits the allegations in Paragraph 43.

44. Denies the allegations in Paragraph 44.

45. Denies the allegations in Paragraph 45, and avers that the trade dress shown and described in Paragraphs 1 and 18 of the Complaint is the philosophy Bath Product Trade Dress upon which philosophy bases its claims in this action.

46. Denies the allegations in Paragraph 46.

47. Denies the allegations in Paragraph 47, and avers that, as philosophy alleges in Paragraph 17 of its Complaint, the philosophy bath products bearing the philosophy Bath Product Trade Dress upon which philosophy bases its claims in this action "were introduced as early as 1997, and have always borne the same trade dress."

48. Avers that the philosophy Bath Product Trade Dress, upon which philosophy bases its claims in this action, is comprised of a distinctive combination of elements, as alleged in Paragraph 18 of the Complaint, and denies the allegations in Paragraph 48.

49. Avers that standard fonts can be distinctive and recognizable (for example, the font used on New York City sanitation trucks), further avers the philosophy Bath Product Trade Dress, upon which philosophy bases its claims in this action, is comprised of a distinctive

combination of elements, as alleged in Paragraph 18 of the Complaint, and denies the allegations in Paragraph 49.

50. Avers that the philosophy Bath Product Trade Dress, upon which philosophy bases its claims in this action, is comprised of a distinctive combination of elements, as alleged in Paragraph 18 of the Complaint, and denies the allegations in Paragraph 50.

51. Avers that the philosophy Bath Product Trade Dress, upon which philosophy bases its claims in this action, is comprised of a distinctive combination of elements, as alleged in Paragraph 18 of the Complaint, and denies the allegations in Paragraph 51.

52. Avers that the philosophy Bath Product Trade Dress, upon which philosophy bases its claims in this action, is comprised of a distinctive combination of elements, as alleged in Paragraph 18 of the Complaint, and denies the allegations in Paragraph 52.

53. Avers that the philosophy Bath Product Trade Dress, upon which philosophy bases its claims in this action, is comprised of a distinctive combination of elements, as alleged in Paragraph 18 of the Complaint, and denies the allegations in Paragraph 53.

54. The allegations contained in Paragraph 54 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, denies the allegations in Paragraph 54, and avers that the philosophy Bath Product Trade Dress, upon which philosophy bases its claims in this action, is comprised of a distinctive combination of elements, as alleged in Paragraph 18 of the Complaint.

55. The allegations contained in Paragraph 55 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, denies the allegations in Paragraph 55.

56. The allegations contained in Paragraph 56 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, denies the allegations in Paragraph 56.

57. The allegations contained in Paragraph 57 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, denies the allegations in Paragraph 57.

58. Denies the allegations in Paragraph 58.

59. Denies the allegations in Paragraph 59.

60. Denies the allegations in Paragraph 60.

## COUNTERCLAIM I

### (Declaratory Judgment of Non-Infringement and No Unfair Competition)

61. Incorporates by reference its responses to each of the preceding paragraphs as if fully restated herein.

62. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 62.

63. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 63, and avers that the trade dress upon which philosophy bases its claims in this action is the non-functional, inherently distinctive philosophy Bath Product Trade Dress, consisting of an arbitrary combination of elements depicted and described in Paragraphs 1 and 18 of the Complaint.

64. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 64.

65. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 65, and avers that the trade dress upon which philosophy bases its claims in this action

is the non-functional, inherently distinctive philosophy Bath Product Trade Dress, consisting of an arbitrary combination of elements depicted and described in Paragraphs 1 and 18 of the Complaint.

66. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 66, and avers that the distinctive combination of packaging trade dress elements comprising the philosophy Bath Product Trade Dress is not functional.

67. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 67, and avers that the trade dress upon which philosophy bases its claims in this action is the non-functional, inherently distinctive philosophy Bath Product Trade Dress, consisting of an arbitrary combination of elements depicted and described in Paragraphs 1 and 18 of the Complaint.

68. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 68.

## COUNTERCLAIM II

### (Declaratory Judgment of No Dilution)

69. Incorporates by reference its responses to each of the preceding paragraphs as if fully restated herein.

70. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 70.

71. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 71, and avers that the trade dress upon which philosophy bases its claims in this action is the non-functional, inherently distinctive philosophy Bath Product Trade Dress, consisting of an arbitrary combination of elements depicted and described in Paragraphs 1 and 18 of the Complaint.

72. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 72.

73. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 73, and avers that the trade dress upon which philosophy bases its claims in this action is the non-functional, inherently distinctive philosophy Bath Product Trade Dress, consisting of an arbitrary combination of elements depicted and described in Paragraphs 1 and 18 of the Complaint.

74. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 74.

75. Denies that Counter-Plaintiffs are entitled to the declaration requested in Paragraph 75.

## COUNTERCLAIM III

### (Cancellation of U.S. Registration No. 3,862,603)

76. Incorporates by reference its responses to each of the preceding paragraphs as if fully restated herein.

77. Denies the allegations in Paragraph 77.

78. Denies the allegations in Paragraph 78.

79. Denies the allegations in Paragraph 79.

80. Denies the allegations in Paragraph 80.

81. Denies the allegations in Paragraph 81.

82. Denies the allegations in Paragraph 82.

## PRAYER FOR RELIEF

83. Denies that Bon-Ton is entitled to the relief requested on Pages 34-35 of the Counterclaims.

# AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Counterclaims fail to state a cognizable harm.

## THIRD DEFENSE

Bon-Ton lacks standing to assert its third counterclaim for cancellation of U.S. Registration No. 3,862,603, as philosophy has not alleged any claims against Bon-Ton based on this registration, nor can Bon-Ton articulate any harm to it arising from the issuance of this registration.

## FOURTH DEFENSE

There is no case or controversy between philosophy and Bon-Ton in connection with Bon-Ton's third counterclaim for cancellation of U.S. Registration No. 3,862,603, as philosophy has not alleged any claims against Bon-Ton based on this registration, nor has Bon-Ton articulated any harm to it arising from the issuance of this registration.

## FIFTH DEFENSE

Bon-Ton improperly seeks an advisory opinion as to its third counterclaim for cancellation of U.S. Registration No. 3,862,603, as philosophy has not alleged any claims against Bon-Ton based on this registration, nor can Bon-Ton articulate any cognizable harm to it arising from the issuance of this registration.

## SIXTH DEFENSE

Bon-Ton's third counterclaim for cancellation of U.S. Registration No. 3,862,603 is barred by laches, acquiescence, waiver, and/or equitable estoppel, as the subject registration was

issued on October 19, 2010, and Bon-Ton has never previously raised any formal or informal objection in relation thereto.

## SEVENTH DEFENSE

Bon-Ton's third counterclaim for cancellation of U.S. Registration No. 3,862,603 is barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

The trade dress covered by U.S. Registration No. 3,862,603 is arbitrary and unique as applied to the goods described in the registration (i.e., "skin cleansers"), and the registered mark does not include the matter depicted in dotted lines. Moreover, the registered trade dress has acquired secondary meaning as a source identifier by reason of philosophy's substantial sales and long use.

## ADDITIONAL DEFENSES

philosophy reserves the right to assert additional affirmative defenses after taking discovery.

**WHEREFORE**, philosophy requests the Court:

(a) Dismiss the Counterclaims with prejudice;

(b) Award philosophy its reasonable attorneys' fees and costs associated with its defense of the Counterclaims; and

(c) Grant such other and further relief as the Court deems just and proper.

Dated: February 20, 2015

Respectfully Submitted,

_/s/_

**KILPATRICK TOWNSEND & STOCKTON LLP**
Lisa Pearson (LP 4916)
Robert Potter (RP 5757)

Olivia Harris (OH 1983)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
lpearson@kilpatricktownsend.com
rpotter@kilpatricktownsend.com
oharris@kilpatricktownsend.com

*Attorneys for Plaintiff/Counterclaim-Defendant*

## CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served upon counsel of record by filing it electronically with Court's CM/ECF system.

Dated: February 20, 2015

                                             /s/ Alberto Garcia
                                             Alberto Garcia